IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK F. SCHULTZ and | § | |
| LANDMARK CONSOLIDATED, INC. | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. A-17-cv-1088 |
| | § | |
| JOHN ACKER, and, | § | |
| MIRACLE STRIP HOLDINGS, X, LLC | § | |
| DEFENDANTS | § | |

**ANSWER TO SECOND AMENDED COUNTERCLAIM OF DEFENDANTS JOHN
ACKER AND MIRACLE STRIP HOLDINGS X, LLC BY
PLAINTIFFS'/COUNTERDEFENDANTS MARK F. SCHULTZ AND LANDMARK
CONSOLIDATED, INC**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME PLAINTIFFS/COUNTERDEFENDANTS, Mark F. Schultz and Landmark

Consolidated, Inc. (collectively hereafter "Plaintiffs"or "Counterdefendants") and file this their

answer to defendants/counterplaintiffs' second amended counterclaim by John Acker,

individually (hereinafter "Acker" or "Mr. Acker"), and Miracle Strip Holdings X, LLC.

(collectively, hereinafter "Defendants"or "Counterplaintiffs"), and in support thereof would

show the Court as follows:

RESPONSES TO ALLEGATIONS IN THE COUNTERCLAIM

1.  Counterdefendants admit the allegations in paragraph 116 of the Second

Amended Counterclaim.

2.  Counterdefendants admit the allegations in paragraph 117 of the Second

Amended Counterclaim.

3.   Counterdefendants admit the allegations in paragraph 118 of the Second Amended Counterclaim.

4.   Counterdefendants admit the allegations in paragraph 119 of the Second Amended Counterclaim.

5.   Counterdefendants admit the allegations in paragraph 120 of the Second Amended Counterclaim.

6.   A party is not required to admit or deny a conclusion of law; therefore paragraph 121 is considered denied.

7.   A party is not required to admit or deny a conclusion of law; therefore paragraph 122 is considered denied

8.   A party is not required to admit or deny a conclusion of law; therefore paragraph 123 is considered denied

9.   A party is not required to admit or deny a conclusion of law; therefore paragraph 124 is considered denied

10. Counterdefendants admit that they were served with a notice, all else denied of the allegations in paragraph 125 of the Second Amended Counterclaim.

11. Counterdefendants admit the allegations in paragraph 126 of the Second Amended Counterclaim.

12. Counterdefendants admit the allegations in paragraphs 15 and 56 of Amended Complaint referenced here; all else is denied in paragraph 127 of the Second Amended Counterclaim.

13. Counterdefendants admit the allegations in paragraphs 15,18, 37,38 and 56 of Amended Complaint referenced here to the extend they are incorporated by reference; all else is denied in paragraph 128 of the Second Amended Counterclaim.

14. Counterdefendants deny the allegations in paragraph 129 of the Second Amended Counterclaim.

15. Counterdefendants deny the allegations in paragraph 130 of the Second Amended Counterclaim.

16. Counterdefendants deny the allegations in paragraph 131 of the Second Amended Counterclaim.

17. Counterdefendants deny the allegations in paragraph 132 of the Second Amended Counterclaim.

18. Counterdefendants deny the allegations in paragraph 133 of the Second Amended Counterclaim.

19. Counterdefendants admit that they advanced $433,000 for investments and deny the remaining allegations in paragraph 134 of the Second Amended Counterclaim.

20. Counterdefendants deny the allegations in paragraph 135 of the Second Amended Counterclaim.

21. Counterdefendants admit the allegations in paragraphs 77 through81 of the Amended Complaint to the extent they are incorporated by reference; and deny the remaining allegations in paragraph 136 of the Second Amended Counterclaim.

22. Counterdefendants deny the allegations in paragraph 137 of the Second Amended Counterclaim.

23. Counterdefendants deny the allegations in paragraph 138 of the Second Amended Counterclaim.

24. To the extent that paragraph 139 is a statement of law, no response is required; otherwise Counterdefendants deny the allegations in paragraph 139 of the Second Amended Counterclaim.

25. Counterdefendants deny the allegations in paragraph 140 of the Second Amended Counterclaim.

26. Counterdefendants deny the allegations in paragraph 141 of the Second Amended Counterclaim.

27. Counterdefendants deny the allegations in paragraph 142 of the Second Amended Counterclaim.

28. Counterdefendants deny the allegations in paragraph 143 of the Second Amended Counterclaim.

29. Counterdefendants deny the allegations in paragraph 144 of the Second Amended Counterclaim.

30. Counterdefendants deny the allegations in paragraph 145 of the Second Amended Counterclaim.

31. Counterdefendants deny the allegations in paragraph 146 of the Second Amended Counterclaim.

32. Counterdefendants deny the allegations in paragraph 147 of the Second Amended Counterclaim.

33. A party is not required to admit or deny a conclusion of law; therefore paragraph 148 is denied.

34. Counterdefendants deny the allegations in paragraph 149 of the Second Amended Counterclaim.

35. While denial of damages is not required, Counterdefendants feel complelled to deny the allegations in paragraph 150 of the Second Amended Counterclaim.

36. Counterdefendants deny the allegations in paragraph 151 of the Second Amended Counterclaim.

37. Counterdefendants deny the allegations in paragraph 152\ of the Second Amended Counterclaim.

AFFIRMATIVE DEFENSE

38. Counterplaintiff's claims are barred by estoppel in that their own wrongful actions caused their damages, if any.

39. It was necessary for Counterdefendants engage counsel to defend this claim and they are entitled by law to recover reasonable attorney fees.

PRAYER

WHEREFORE, Counterdefendants pray that Counterplaintiffs be call to trial and that in addition to the award under their affirmative claims in this cause, the following relief be granted as to the counterclaim:

40. Final Judgment that Counterplaintiff's John Acker and Miracle Strip Holdings, X take nothing on their counterclaim.

41. Counterdefendants be awarded necessary and reasonable attorney fees and costs,

42. Such other and further relief to which they be found entitled.

Respectfully submitted,

By: _/s/ Wanda J. Harkness_____

WANDA J. HARKNESS
  State Bar No. 09010100
LAW OFFICES OF WANDA J. HARKNESS
406 Sterzing Street, 3rd floor
Austin, Texas  78704
(512) 472-7467
(512) 474-7121    (Telecopier)
wjh@lawofficeswjh.com(email)

**ATTORNEY IN CHARGE FOR PLAINTIFFS
MARK F. SCHULTZ and LANDMARK
CONSOLIDATED, INC.**


CERTIFICATE OF SERVICE

I hereby certify by my signature below that on the 23rd day of March, 2018 I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Western District of Texas,  using the electronic case filing system of the court.  I hereby certify that  a true and correct copy of the above and foregoing has been served to all counsel of record through the ECF system

  /s/ Wanda J. Harkness
  WANDA J. HARKNESS